[Cite as *Edwards v. Dept. of Transp.*, 2010-Ohio-6623.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN EDWARDS

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2010-05889-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Kevin Edwards, filed this action against defendant, Department of Transportation (ODOT), contending that his 1998 Honda Civic was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 270 South in Franklin County. Plaintiff recorded he was traveling south on Interstate 270 on March 26, 2010 at approximately 10:40 a.m., when his vehicle struck a pothole causing tire and rim damage. Plaintiff related, "[b]etween milemarker 46 and 47 (on Interstate 270) there are four to six holes to the far right lane." Apparently, plaintiff's automobile was damaged when it struck one of the four to six potholes located between milemarker 46.0 and 47.0. In his complaint, plaintiff requested damages in the amount of $354.00, the cost of replacement parts. Payment of the filing fee was waived.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 22, 2010 described occurrence. Defendant located the particular pothole between "mileposts 46.0 and 47.0 on I-270 in Franklin County." Defendant

explained that ODOT records show no reports of a pothole at the location recorded prior to plaintiff's damage event. Defendant related that ODOT received seventeen complaints of potholes on Interstate 270, "from March 15, 2010 to March 23, 2010 but these are not in the same location as plaintiff's incident."

**{¶ 3}** Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to March 22, 2010. Defendant suggested that, "it is more likely than not the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 4}** Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 22, 2010. Defendant asserted that, "[t]he roadway was in relatively good condition at the time of plaintiff's incident." Defendant argued plaintiff failed to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant sated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that six (6) pothole patching operations were conducted in the general vicinity of plaintiff's incident on southbound I-270." The last time pothole patching operations were conducted before March 22, 2010 was March 4, 2010. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 5}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and

followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on Interstate 270 prior to 5:00 p.m. on March 22, 2010.

{¶ 8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately

caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN EDWARDS

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-05889-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kevin Edwards
3665 Hollowcrest Avenue
Columbus, Ohio  43223

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
8/30
Filed 10/12/10
Sent to S.C. reporter 1/21/11